UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOAYAD F. KHADER, | Civil No. 07-4708 (PAM/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| RANDA M. MURAWEH, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, the substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "I would like to file a complaint with the (IRS). My Ex-wife without my knowledge filed a joint tax return in 2004. [ ¶ ] We were separated at the end of 2003. I was living at 914 14 14th Ave NE Minneapolise [sic], MN 55413. [ ¶ ] She used my Social Security number and had someone go to the tax preparer and say they were me and sign the tax form. [ ¶ ] What I whant [sic] from the Court to investigate her and carge [sic] the Defendant because she broke the law."

Plaintiff's complaint is fatally defective, because he is asking the Court to initiate a criminal investigation, and bring criminal charges against the named Defendant. Such relief cannot be granted in this action, because federal courts are not authorized to conduct or compel criminal investigations. Under our Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that is responsible for conducting criminal investigations, and bringing criminal charges, if warranted. The Constitution precludes the federal courts from interfering in these responsibilities of the Executive Branch. See United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."), cert. denied, 532 U.S. 1019 (2001).

Because no federal court could grant Plaintiff the relief that he is seeking in this case, he obviously has failed to state a viable cause of action. The Court must therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

    2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:      December 3, 2007

                                      *s/ Janie S. Mayeron*
                                      JANIE S. MAYERON
                                      United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 31, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.